IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID A. WILLIS,**

Petitioner,

v.  Civil Action No. **3:09CV742**

**PATRICIA STANSBERRY,**

Respondent.

## MEMORANDUM OPINION

Willis, a federal prisoner proceeding *pro se*, was convicted in the United States District Court for the Western District of North Carolina (hereinafter "the Sentencing Court") of solicitation to commit murder and use of interstate commerce facilities in the commission of murder for hire. The Sentencing Court imposed a total active term of imprisonment of 210 months. On April 15, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Willis's sentence. *Willis v. United States*, No. 08-4998 (4th Cir. Apr. 15, 2010).

On November 24, 2009, the Court received Willis's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Willis argues that his conviction and sentence should be vacated. On February 11, 2010, Respondent filed a motion to dismiss contending that, *inter alia*, that this action must proceed under 28 U.S.C. § 2255 because Willis had not demonstrated that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Willis's response fails to address this issue.

The Fourth Circuit has explained that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). The instant petition includes no claim based on any new rule of non-constitutional law. Accordingly, Respondent's motion to dismiss (Docket No. 9) will be GRANTED. The petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE to filing a 28 U.S.C. § 2255 motion in the Sentencing Court.

An appropriate Order shall issue.

Date: 6-17-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge